# IN THE COURT OF APPEALS OF IOWA

No. 20-0037
Filed August 18, 2021

**STATE OF IOWA,**
   Plaintiff-Appellee,

**vs.**

**LORAN MARTIN CRAIG,**
   Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.

Loran Martin Craig appeals following his guilty pleas to assault with intent to inflict serious injury and prohibited acts. **APPEAL DISMISSED.**

Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran, and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Loran Martin Craig filed written pleas to assault with intent to inflict serious injury and prohibited acts, both aggravated misdemeanors. *See* Iowa Code §§ 124.402(1)(e), .402(2)(a), 708.1(2)(a), .2(1) (2019). He waived his right to file a motion in arrest of judgment to challenge his plea. Craig later appeared for sentencing with counsel. The district court adjudged him guilty and imposed sentence.

On appeal, Craig preliminarily asserts "there is good cause to consider this appeal" notwithstanding the enactment of Iowa Code section 814.6(1)(a)(3) (2019). That provision states: "Right of appeal is granted the defendant from [a] final judgment of sentence, except . . . [a] conviction where the defendant has pled guilty," unless "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3). The State responds that the "appeal should be dismissed."

"Good cause" means a "legally sufficient reason." *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021). "A legally sufficient reason to appeal as a matter of right is a reason that, at a minimum, would allow a court to provide some relief on direct appeal." *Id.*

In *Tucker*, the court concluded there was no possibility of relief because the defendant "pleaded guilty and requested immediate sentencing" and he "waived his right to file a motion in arrest of judgment," which "preclude[d] appellate relief." *Id.* (citing Iowa R. Crim. P. 2.24(3)(a)). The court went on to address two exceptions to the bar from obtaining relief. *See id.* The court concluded the first exception—"where the district court failed to adequately advise the defendant of the necessity for filing a motion in arrest of judgment and the consequences of not

filing a motion in arrest of judgment"—did not apply because the defendant "was adequately advised and waived" his right to file a motion in arrest of judgment. *Id.* The court concluded the second exception, triggered "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel," also did not apply because, under another statutory amendment, the legislature precluded ineffective assistance of counsel claims from being decided on direct appeal. *Id.* at 153–54; *see* Iowa Code § 814.7 ("An ineffective assistance of counsel claim in a criminal case . . . shall not be decided on direct appeal from the criminal proceedings.").

Craig argues "[g]ood cause exits to grant this appeal to settle the issue of whether the [c]ourt's jurisdiction has been improperly infringed upon." Craig cites the constitutional separation-of-powers and equal-protection doctrines. In *Tucker*, the supreme court rejected challenges based on those grounds. *See* 949 N.W.2d at 145–51. *Tucker* is controlling.

Craig lacks good cause to appeal his guilty plea. Accordingly, we decline to consider the merits of his claim that counsel was ineffective in failing to challenge the factual basis for his plea.

**APPEAL DISMISSED.**